## ED. SQUIRES v. M. A. HANCOCK.

**Breach of Marriage Promise—Lewd and Lascivious Conduct—Defense— Demurrer.**

In the second paragraph of appellant's answer he charges that appellee was before and after the date of the alleged and pretended

contract, guilty of lewd and lascivious conduct, such as showed her to be unchaste and unfit for a wife, of which he had no knowledge at the times specified, and all of which was against his consent.

Held, that the words lewd and lascivious each import, not only great moral delinquency, but the actual unlawful indulgence of lustful passions, and such indulgence by one of the parties to a contract to marry, without the procurement or fault of the other, would present a sufficient legal excuse for the refusal of the party not in fault to execute the contract.

**Breach of Marriage Promise—Instruction to Jury.**

An agreement to marry is like all other agreements in which the undertakings of the parties to it are to be performed at the same time, and where the obligation and duty of either to perform his or her undertaking necessarily depends upon the concurrent performance of the other, cannot, of course, be carried out except by the mutual consent, good faith and contemporaneous action of both the contracting parties—hence, neither party can be said to be in default or guilty of a breach of such agreement to marry the other unless the other is ready and willing to be married at the time and place agreed upon.

APPEAL FROM ADAIR CIRCUIT COURT.

October 17, 1872.

Opinion by Judge Peters:

In an action brought by appellee against appellant for breach of contract to marry her, she alleged in her petition that appellant contracted, and with the plaintiff agreed and promised to marry her within a reasonable time, and at various times during the year 1869 agreed and promised to marry her and become her husband, and for "this" purpose a day was fixed to consummate said contract of marriage; that the same was mutual, and that plaintiff was ready and offered to consummate the contract at the time fixed and agreed upon; but that defendant had failed and refused to comply on his part; has abandoned his home, and removed to another state where he has remained for an unreasonable length of time.

In an amended petition she alleged that the defendant, by paying his addresses to her as her suitor for five years prior to the time set out in her original petition, obtained her affections, she being then and still a single woman, and he an unmarried man;

that at the time stated in her original petition they mutually agreed to marry, and from the time of the making said agreement she had been ready and willing to consummate the marriage, of which the defendant was notified. That at the time of making said contract she was chaste and virtuous, but the defendant, not regarding his promise, and wrongfully, wickedly and fraudulently intending at the time by craft and artifice to deceive and injure her, and blight her reputation, did not, nor would not at the time aforesaid, nor since, consummate said agreement, but has hitherto failed and refused, and still doth fail, etc.

The petition was further amended by the addition of a count, or paragraph, for seduction, but as that was abandoned on a rule against appellee to elect for which cause of action she would proceed, no further attention need be given to that paragraph.

The answer as at first presented contained seven paragraphs, and subsequently another was added as "No. 9." Appellee demurred to each paragraph thereof, and her demurrer was sustained to the 2nd, 4th, 5th and 7th and overruled to the others. And the first objection taken to the ruling of the Circuit Court is in adjudging said paragraphs insufficient.

In the second paragraph appellant charges that appellee was before and after the date of the alleged and pretended contract guilty of lewd and lascivious conduct, such as showed her to be unchaste and unfit for a wife, of which he had no knowledge at the times specified, and all of which was against his consent. The words lewd and lascivious each import not only great moral delinquency, but the actual unlawful indulgence of lustful passions; and such indulgence by one of the parties to a contract to marry without the procurement or fault of the other would present a sufficient legal excuse for the refusal of the party not in fault to execute the contract. It was, therefore, error in the court below to sustain the demurrer to the second paragraph of the answer. As to the fourth and fifth paragraphs, the defendant, from all that is alleged, may have broken his contract with appellee, and the offense charged therein may have been committed after the breach of said contract by him, and may have been induced by his own misconduct, and the demurrers were properly sustained to them.

As to the seventh, no facts were stated to show that the consideration for the contract was illegal or immoral, but the statements are mere conclusions of law and therefore not sufficient.

As to the paper denominated a reply, it certainly was unauthorized, and by the terms of section 132, Civil Code, prohibited, the court below should not, therefore, have permitted it to have been filed. If it contained any material averment, appellee could have gotten the benefit of it by way of amended petition.

Instructions marked "A," "B," "C" and "D" were given on behalf of appellee, and appellant excepted to the opinion of the court in giving them, and complains to this court that said instructions were erroneous, and preudicial to him.

The first one of them reads as follows:

"If the jury believe from the testimony that there was a mutual agreement between plaintiff and defendant to marry within one year next before the plaintiff filed her petition herein, the law is for the plaintiff, and the jury ought to find such sum in damages as from all the facts and circumstances proven in the case they think proper, not exceeding the amount claimed in .the petition. In estimating the damages, the jury may take into consideration as well the facts and circumstances proven in the case, as any of the pleadings on the part of defendant which may not be proven to be true."

To this instruction there are two fatal objections. Appellee, in her original petition, alleged that the defendant and herself had mutually agreed to marry, and for the consummation of the marriage a day was fixed, and that she was ready, and offered to marry the defendant on the appointed day.

In *Fible v. Caplinger*, 13 B. Monroe 464, which was an action for breach of promise to marry, the court said: "An agreement to marry is like all other agreements in which the undertakings of the parties to it are to be performed at the same time, and where the obligation and duty of either to perform his or her undertaking necessarily depends upon the concurrent performance of the other, can not, of course, be carried out except by the mutual consent, good faith and contemporaneous action of both the contracting parties—hence neither party can be said to be in default, or guilty of a breach of such agreement to marry the other unless the other is ready and willing to be married

at the time and place agreed upon for the actual consummation of the marriage; or if no time and place were by consent of the parties fixed for the performance of the contract, neither party can be in default, nor has either violated their pledged faith, or broken their agreement until the other has proposed and made the offer to fix the time and place and to fulfill the agreement."

If a time and place are alleged to have been fixed for the consummation of the marriage, and it is also alleged that the plaintiff was ready and willing on the day and at the place to consummate the marriage and there and then offered to marry the defendant, and he failed to attend, or, being present, refused to marry her, that would be a breach for which the action could be maintained.

But if no time or place was fixed by the parties, then the plaintiff, in order to enable her to maintain an action for a breach of promise, must have requested the defendant to perform his engagement, or to fix the time and place for performance, and notify him that she is ready and willing, and actually offer to perform the contract on her part, then if he fail or refuse to comply he is guilty of a breach, and her cause of action is complete against him.

In the instruction given the court fails to tell the jury that they must believe from the evidence that either of the states of case presented existed in order to find for the plaintiff, and refused to give instruction No. 2, asked by appellant—which the court should have qualified according to the principles herein suggested and given.

Moreover, the paragraphs of appellant's answer to which appellee's demurrer had been sustained were for all purposes out of the cause as long as the judgment of the court on the demurrer remained in force, and being out of the cause, it was error prejudicial to appellant to tell the jury that in estimating the damages they might take into consideration any of the pleadings on the part of the defendant which may not be proven to be true. Appellant would not have been allowed by the court to have introduced evidence to sustain the facts alleged in the paragraphs which had been adjudged insufficient on demurrer, and surely, if the court would not permit him to introduce proof to sustain them, it would be a hard rule to prejudice him

because he failed to do that which the court would not allow him to do.

The court below properly refused to give the fifteen instructions asked by appellant, as he gave in the three immediately following the law as favorably as he had a right to ask it.

But for the error in sustaining the demurrer to the second paragraph of the answer, and in giving instructions "A" as asked, the judgment is *reversed,* and the cause remanded for a new trial, and for further proceedings conformable hereto.

*Garnett, for appellant.*

*J. D. Fogle, for appellee.*